IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CAREY DEAN PHILLIPS JR.,<br><br>Defendant. | 8:18CR211<br>and<br>8:23CR36<br><br>ORDER |

This matter comes before the Court on the Renewed Motion to Review Detention (Filing No. 81 in Case No. 8:18CR211; Filing No. 47 in Case No. 23CR36) filed by Defendant, Carey Dean Phillips.

On August 12, 2019, Defendant pled guilty to failure to register as a sex offender under 18 U.S. C. § 2250(a) and was sentenced to the Bureau of Prisons for a term of 30 months; Supervised Release for a term of 5 years; and a Special Assessment in the amount of $100.00. (Filing Nos. 30-35 in Case No. 8:18CR211).

On July 25, 2022, a petition for Defendant's arrest was authorized for several allegations of his noncompliance with his conditions of supervision, including testing presumptive positive for marijuana and methamphetamines, failure to permit his probation officer from visiting his home or contacting him on his cell phone, failure to keep full time employment and failure to notify his probation officer her was no longer employed, and his whereabouts were unknown. (Filing No. 44 in Case No. 8:18CR211). Defendant's initial appearance on his supervised release revocation proceedings was held on October 12, 2022, and the government's motion for detention was granted as to flight and danger. (Filing Nos. 54-57 in Case No. 8:18CR211).

On November 18, 2022, Defendant filed a motion to review detention, which the undersigned magistrate judge granted on November 21, 2022. (Filing Nos. 59-60 in Case No. 8:18CR211). The Government and Pretrial Services Officer did not object to his release with conditions, specifically, that Defendant was released to his mother for direct transportation to Sienna Francis House Miracles Program 1702 Nicholas St., Omaha NE 68102, and that he must comply with all rules of the facility. (Filing No. 61 in Case No. 8:18CR211).

On February 22, 2023, the grand jury returned a one count Indictment (Filing No. 1 in Case No. 23CR36) charging Defendant with failure to register as a sex offender under 18 U.S. C. § 2250(a). Defendant was released on conditions, including submitting to location monitoring and abiding by a curfew. (Filing No. 13 in Case No. 23CR36).

On June 30, 2023, an amended petition for Defendant's violation of his conditions of pretrial release was filed after Defendant cut off his location monitoring bracelet and failed to return home at his required curfew time. Defendant also failed to report to his Probation and Pretrial Officer on June 26 or June 28 as directed. (Filing No. 25 in Case No. 23CR36). On June 30, 2023, an amended petition for Defendant's noncompliance with his conditions of supervision was filed in his prior case for the same conduct. (Filing No. 68 in Case No. 8:18CR211).

Although an arrest warrant for Defendant was immediately issued, Defendant was not located and arrested until October 26, 2023. At the revocation hearing held on October 30, 2023, the Court granted the government's motion for detention and revoked the order setting conditions of release. (Filing Nos. 73-75 in Case No. 8:18CR211; Filing Nos. 32-36 in Case No. 23CR36).

On March 21, 2024, Defendant filed a motion to review detention (Filing No. 79 in Case No. 8:18CR211; Filing No. 46 in Case No. 23CR36), which the Court denied by text order because it did not mitigate the Court's concerns as to flight and danger. (Filing No. 78 in Case No. 8:18CR211; Filing No. 47 in Case No. 23CR36).

On March 22, 2024, Defendant filed the instant Renewed Motion to Review Detention (Filing No. 81 in Case No. 8:18CR211; Filing No. 47 in Case No. 23CR36). Defendant underwent a drug and alcohol evaluation recommending Residential Chemical Dependency treatment, and has been accepted to Bridge, a Residential Treatment Program. Both the government and Probation and Pretrial Services officer object to Defendant's release from custody. Defendant maintains he was compliant and successfully graduated from in-patient treatment at the Sienna Francis House Miracles Program on April 21, 2023, but relapsed on alcohol in June 2023 after returning to the reservation. Defendant asserts he does not present a flight risk while actually in inpatient treatment away from the environment that caused him to become an addict.

Under the Bail Reform Act, a detention "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a

material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). "In other words, to reopen a detention hearing a defendant must, first, 'present [ ] information that was not known or available to him at the time of his original detention hearing,' and then, second, show that such information 'is material to and has a substantial bearing on whether he should remain detained.'" *United States v. Schafer*, No. CR 22-283 (SRN/TNL), 2023 WL 111980, at *1 (D. Minn. Jan. 5, 2023).

Defendant's request for consideration of detention rests exclusively on his acceptance to the Bridge Residential Treatment Program. The Court does not find this has material bearing on the issue of whether there are conditions of release that will reasonably assure Defendant's appearance as required and the safety of the community. Defendant has a history and recurring patterns of violations of supervision and failures to abide by court-imposed conditions, including cutting off his location monitoring bracelet and repeated failures to keep in contact with his supervising Pretrial and Probation Officer. See, e.g., *United States v. Cook*, 87 F.4th 920, 925 (8th Cir. 2023) ("[A] defendant's previous abscondment highly relevant in assessing risk of flight[.]"). Under the circumstances, the Court finds Defendant's acceptance to the Bridge Residential Treatment Program does not mitigate its concerns as to flight and danger. See § 3141(g). Nor does it satisfy Defendant's burden to establish by clear and convincing evidence that he will not flee or pose a danger to any other person or the community. Fed. R. Crim. P. 32.1(a)(6). Upon consideration,

**IT IS ORDERED:**

1. Defendant's Renewed Motion to Review Detention (Filing No. 81 in Case No. 8:18CR211) is denied; and
2. Defendant's Renewed Motion to Review Detention (Filing No. 47 in Case No. 23CR36) is denied.

Dated this 22nd day of March, 2024.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge